## COFER v. STATE.

No. A-11703.   Jan. 28, 1953.

Rehearing Denied Feb. 18, 1953.

(253 P. 2d 567.)

Willis R. Stark, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and James P. Garrett, Asst. Atty. Gen., for defendant in error.

JONES, J. The defendant, Russell Gene Cofer, was charged in the court of common pleas of Oklahoma county with the offense of operating an automobile without a driver's license after his license was cancelled after former convictions of operating an automobile without a driver's license. A jury was waived, the defendant was tried and found guilty and sentenced to serve 45 days in the county jail and pay a fine of $250 and has appealed.

In the brief of counsel for the defendant it is set forth that there is an absolute conflict in the testimony of the state and that of the defendant. There was sufficient evidence which if believed by the court showed the defendant was driving a vehicle at the time charged after his license had been cancelled. It had been stipulated and agreed that the defendant had sustained the previous convictions as alleged in the information which were five in number.

Counsel acknowledged the rule that the judgment of the court would not be disturbed on appeal where there is such evidence to support the judgment. The sole point presented by counsel is that the sentence of the court was excessive. Upon this point we have checked the record. The testimony of the police officers showed that they saw the defendant under the steering wheel of an automobile at a stoplight on West Grand avenue in Oklahoma City and they saw him drive through the intersection and stop in front of a building at 209 West Grand avenue and enter an alleyway between the buildings. The officers knew the defendant and that he had no driver's license so they stopped the police car, pursued the defendant and arrested him in back of Beverly's cafe. There was no question of any collision or personal injuries or property damage involved. The defendant testified that he was not driving and three other witnesses including Patty Sims testified that Miss Sims was driving the automobile and not Cofer.

It appears from the record that the defendant had been previously convicted for driving an automobile after the Commissioner of Public Safety had revoked his license on five other occasions. The minimum sentence which could be assessed under the statute was a sentence of 30 days in the county jail and a fine of $100. 47 O. S. 1951 § 303. The maximum sentence was twelve months in the county jail and a fine of $500. Because of the previous unsatisfactory record of the accused, the trial court was not only justified, but should have given more than the minimum sentence.

The sentence which was given was slightly more than the minimum and under the record we do not feel that justice requires a modification of the judgment which was rendered. The case is affirmed.

POWELL, P. J., and BRETT, J., concur.